IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUSAN LANGE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **06-569-JPG** |
| | ) |
| **RESERVE NATIONAL INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendant. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the court is defendant's Motion to Compel, or, in the Alternative, to Bar. **(Doc. 30)**. Plaintiff filed a response at **Doc. 32**. Defendant filed a reply at **Doc. 35**.

Plaintiff is suing her health insurance carrier for refusing to pay medical bills. She alleges that she applied for a policy of health insurance on May 25, 2004. Defendant issued the policy, which contained a section entitled "Pre-Existing Conditions Limitations." This section stated that pre-existing conditions were not covered until the policy had been in effect for two years. However, on July 8, 2004, defendant sent plaintiff a letter which stated that no benefits would be paid for any "loss or expense incurred or commencing prior to the expiration of 12 months from May 25, 2004, as a result of: migraine headaches its [sic] recurrence and/or treatment." Plaintiff claims that she incurred expenses related to treatment of migraine headaches on July 5, 2005, and that defendant refused to pay, despite the fact that her doctor had sought pre-certification from defendant and had been informed that "no pre-certification was necessary." **See, Exhibit 1 attached to Doc. 2**. Defendant counters that the treatment, which included surgery, was not related to migraine headaches. Defendant's position is that the surgery

1

was for the treatment of some other pre-existing condition, and thus would not be covered due to the two-year exclusion in the policy.  **See, Defendant's Reply, Doc. 35**.

The original discovery deadline was April 1, 2007.  **See, Doc. 20**.  Because of plaintiff's tardiness in responding to discovery requests, the court extended the deadline to May 1, 2007.  **See, Doc. 28.**  Since that time, it appears that both parties have been less than energetic in pursuing discovery.

Defendant deposed plaintiff on February 26, 2007.  Plaintiff's testimony suggested that her answer to interrogatory number 10, regarding her medical treatment, was incomplete and should have been updated.  Plaintiff agrees in her response that she will provide the updated information to defendant within ten days of the date of her response.  **See, Doc. 32, ¶6**.

In addition, plaintiff's testimony suggested to defendant's attorney that he should request additional documents, including plaintiff's telephone records, the business card of the agent who sold her the insurance policy, and other documents.[1]  Defendant's attorney made an informal request for these documents, and plaintiff's attorney admits that he agreed that he would attempt to locate them.  **See, Doc. 32, ¶2**.  Defendant's attorney sent two letters, dated March 1, 2007, and March 21, 2007, asking for the records.  However, defendant did not, thereafter, serve a request for production pursuant to **Fed.R.Civ.P. 34.**

In her response, plaintiff states that she is still looking for the requested documents.  She takes the position that, although she agreed to produce the documents, the motion to compel is not well taken because there was no formal request for production of documents.  She also states that plaintiff's "past is irrelevant."  **See, Doc. 32**.  On the contrary, it seems fairly obvious that

---

[1] The significance of the telephone records is that plaintiff testified that she called defendant or the agent who sold her the policy after she discovered errors in the application.

plaintiff's past medical history is relevant, as the central issue is whether the treatment in July, 2005, was for migraine headaches or some other pre-existing condition.

It is unfortunate that the parties have proceeded in this manner. Plaintiff is technically correct: defendant should not have relied on the informal agreement, but should have served a request for production of the documents when it became apparent that they were not forthcoming. However, plaintiff's counsel should have either produced the documents as agreed, or promptly notified defendant's counsel that he was unable or unwilling to do so. The court notes that, while plaintiff's counsel contends that he has been unable to locate the documents, plaintiff could have signed an authorization to allow defendant to obtain the telephone and medical records.

Upon consideration and for good cause shown, defendant's Motion to Compel, or, in the Alternative, to Bar **(Doc. 30)** is **GRANTED in part and DENIED in part as follows**:

1. Plaintiff shall supplement her response to defendant's interrogatory number 10 by **April 27, 2007.**

2. Defendant shall serve a request for production of documents upon plaintiff seeking the documents identified at plaintiff's deposition. The request shall be served by **April 26, 2007.**

3. Pursuant to **Rule 34(b)**, the time for plaintiff's response to the request for production of documents is shortened to **May 1, 2007.**

**IT IS SO ORDERED.**

DATE:  April 23, 2007.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**