IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUSAN LANGE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **06-569-JPG** |
| | ) |
| **RESERVE NATIONAL INSURANCE COMPANY**, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the court is defendant's Motion to Strike Plaintiff's Discovery Requests. **(Doc. 42)**. Plaintiff filed a response at **Doc. 44.**

The court recently granted defendant's motion for leave to file an amended affirmative defense. In recognition of the fact that the filing of the new defense might necessitate some additional discovery, the court extended the discovery deadline to May 22, 2007. **See, Doc. 37.** On the next day, April 24, 2007, plaintiff served her first interrogatories and requests for production on defendant. Defendant moves to strike the discovery requests because the original scheduling order required initial written discovery to be served by November 1, 2006, and because defendant has not been given the full 30-day period in which to respond.

In her response, plaintiff first states that her discovery requests go directly to the issue of the new affirmative defense. **Doc. 44, ¶9**. She later acknowledges, however, that at least some of the requests "appear to address" other issues. **Doc. 44, ¶¶16, 18, 19.**

This court has reviewed the discovery requests, which are attached to **Doc. 42**, and finds

that the great majority of the requests are very broad questions which address the basics of the case.  For example, plaintiff has requested copies of "all documents" relied upon by defendant in approving plaintiff's application, and copies of "all communication" between defendant and any person regarding plaintiff's application and regarding the claim at issue here, as well as "all" documents, policies, procedures, etc., that are "used in the claims process."  The interrogatories are similarly broad.

Plaintiff suggests that defendant has, in effect, raised another "new" defense in that defendant has identified an expert witness who will testify that the treatment at issue was not related to migraine headaches.  However, plaintiff should have known that issue was in the case from early on.  In its original answer, defendant denied the allegations made in paragraph 6, i.e., that plaintiff incurred medical expenses for treatment of migraine headaches on July 5, 2005.  It also denied the allegations of paragraph 9, i.e., that defendant's agent was aware of plaintiff's need for medical treatment and never informed her that the treatment would not be covered.  **See, Doc. 5**.

The court finds that defendant's motion is well-taken.  The discovery requests are overly broad and untimely.

There are still three weeks left in which to do discovery.  That should be sufficient time in which to depose necessary witnesses, including, if plaintiff deems it necessary, a **Fed.R.Civ.P. 30(b)(6)** designee who can answer specific questions relating to the amended affirmative defense.

In addition, the court notes that defendant is under a duty to supplement its initial disclosures pursuant to **Rule 26(e)**.  Defendant should evaluate its initial disclosures in light of

its recently amended affirmative defense.  It appears that plaintiff has a copy of her insurance application, as it was used as an exhibit at her deposition (attached as an exhibit to **Doc. 30**), but if not, defendant shall provide her with a copy as soon as practicable.

Upon consideration and for good cause shown, defendant's Motion to Strike Plaintiff's Discovery Requests **(Doc. 42)** is **GRANTED**.  Plaintiff's discovery requests, served on or about April 24, 2007, are ordered stricken.  Defendant shall supplement its initial disclosures by **May 4, 2007.**

**IT IS SO ORDERED.**

DATE: **April 30, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
